**IN THE UNITED STATE DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PATRICIA ALBARADO;<br>ERICA BARRERA, Individually<br>and ANF of D.R., Minor,<br>MICHAEL BROWN, Individually<br>And AND of V.B., Minor, et al., | § <br> § <br> § <br> § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 5:24-cv-756 |
| UNITED PARCEL SERVICE, INC.<br>A.K.A. and DBA as UPS;<br>FEDEX CORPORATION<br>A.K.A. and DBA as FedEx, | § <br> § <br> § <br> § <br> § | |
| Defendants. | § <br> § <br> § | |

---

**DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER**
**TO PLAINTIFFS' COMPLAINT**

---

Defendant United Parcel Service, Inc. ("UPS"), respectfully submits the following Answer to Plaintiffs' Original Petition ("Complaint").

In answering the Complaint, UPS denies all allegations contained in the headings and unnumbered paragraphs in the Complaint.

<u>PLAINTIFFS' ORIGINAL PETITION</u>

Plaintiffs' unnumbered allegations under the heading "Plaintiffs' Original Petition" do not contain any allegations of fact, and thus no response is required.

<u>DEFENDANTS</u>

In response to Plaintiffs' unnumbered paragraphs under the heading "Defendants," UPS admits that its principal place of business is in Georgia and that it is a motor carrier in the United States.  UPS states that, on information and belief, FedEx maintains its principal place of business in Tennessee.  UPS otherwise is without knowledge or information sufficient to form a belief about the truth of Plaintiffs' remaining allegations concerning FedEx in the unnumbered paragraphs under the heading, "Defendants."   Except as expressly admitted, UPS denies the remaining allegations in the unnumbered paragraphs under the heading "Defendants."

<u>DISCOVERY CONTROL PLAN</u>

Plaintiffs' unnumbered allegations under the heading "Discovery Control Plan" do not contain any allegations of fact, and thus no response is required.  Responding further, UPS states that the Federal Rules of Civil Procedure and this Court's Scheduling Order will govern discovery in this matter.

<u>COMMON/ASSUMED NAME</u>

Plaintiffs' unnumbered allegations under the heading "Common/Assumed Name" do not contain any allegations of fact, and thus no response is required.  UPS expressly denies that Plaintiffs have alleged any factual or legal basis to pierce "corporate veils."

<u>FACTS</u>

1.      In response to Paragraph 1, UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph 1.

2.      In response to Paragraph 2, UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph 2.

3.      In response to Paragraph "8.0," which appears after Paragraph 2 in the Complaint, UPS admits that the Complaint accurately quotes from a portion of the UPS Terms and Conditions of Carriage in effect for shippers in the United Kingdom but denies that that agreement or the quoted language has any relevance to this action.  The applicable terms and conditions for shippers located in the United States is the UPS Tariff/Terms and Conditions of Service, available at www.ups.com/terms.  The remainder of the allegations in Paragraph "8.0" contain conclusions of law purporting to be allegations of fact.  Accordingly, no response is required; however, to the extent a response is required, UPS denies the remainder of the allegations in Paragraph "8.0."[1]

4.      In response to Paragraph "9.0," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.0."

5.      In response to Paragraph "9.1," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.1."

6.      In response to Paragraph "9.2," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.2."

---

[1] The Complaint does not consistently use sequential numbering.  UPS responds to the allegations in the order that they appear in the Complaint, making reference to the paragraph number used in the Complaint.

7.      In response to Paragraph "9.3," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.3."

8.      In response to Paragraph "9.4," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.4."

9.      In response to Paragraph "9.5," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.5."

10.     Paragraph "3" contains conclusions of law purporting to be allegations of fact. Accordingly, no response is required; however, to the extent a response is required, UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "3."

11.     Paragraph "4" contains conclusions of law purporting to be allegations of fact. Accordingly, no response is required; however, to the extent a response is required, UPS admits that portions of Paragraph "4" accurately quote from subsections of the United States Code.  UPS otherwise UPS denies the remaining allegations in Paragraph "4."

12.     In response to Paragraph "5," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "5."

13.     Paragraph "6" contains conclusions of law purporting to be allegations of fact. Accordingly, no response is required; however, to the extent a response is required, UPS denies the allegations in Paragraph "6."

14.     UPS denies the allegations set forth in Paragraph "7."

15.     In response to Paragraph "8," UPS admits that it provides transportation services to its customers pursuant to a written contract.  UPS otherwise denies the allegations in Paragraph "8."

16.     In response to Paragraph "9," UPS denies the allegations concerning UPS.  UPS otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis UPS denies each and every remaining allegation contained in Paragraph "9."

17.     UPS denies the allegations in Paragraph "10."

18.     In response to Paragraph "11," UPS admits that Paragraph "11" accurately quotes from the UPS Tariff/Terms and Conditions of Service.

19.     Paragraph "12" contains conclusions of law purporting to be allegations of fact. Accordingly, no response is required; however, to the extent a response is required UPS denies the allegations in Paragraph "12."

20.     In response to Paragraph "13," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "13."

21.     In response to Paragraph "14," UPS admits that it transports lawful firearm products pursuant to contractual terms and conditions.  UPS otherwise denies the allegations in Paragraph "14."

22.     In response to Paragraph "15," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "15."

PLAINTIFFS' CAUSE OF ACTION AGAINST DEFENDANT UPS

23.     UPS denies the allegations in Paragraph "16."

24.     UPS denies the allegations in Paragraph "17."

GROSS NEGLIGENCE AS TO DEFENDANTS

25.     UPS denies the allegations in Paragraph "18."

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26.     In response to Paragraph "19," UPS incorporates by this reference its responses to all preceding paragraphs of the Complaint.  UPS denies the allegations in Paragraph "19."

27.     In response to Paragraph "20," UPS incorporates by this reference its responses to all preceding paragraphs of the Complaint.  UPS denies the allegations in Paragraph "20."

PUNITIVE/EXEMPLARY DAMAGES AS TO THE DEFENDANT

28.     In response to Plaintiffs' unnumbered allegations under the heading "Punitive/Exemplary Damages as to the Defendant," UPS denies the allegations.

29.     In response to Paragraph "8.0," UPS admits that the Complaint accurately quotes from a portion of the UPS Terms and Conditions of Carriage in effect for shippers in the United Kingdom but denies that that agreement or the quoted language has any relevance to this action. The applicable terms and conditions for shippers located in the United States is the UPS Tariff/Terms and Conditions of Service, available at www.ups.com/terms.  The remainder of the allegations in Paragraph "8.0" contain conclusions of law purporting to be allegations of fact. Accordingly, no response is required; however, to the extent a response is required, UPS denies the remainder of the allegations in Paragraph "8.0."

30.     In response to Paragraph "9.0," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.0."

31.     In response to Paragraph "9.1," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.1."

32.     In response to Paragraph "9.2," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.2."

33.     In response to Paragraph "9.3," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.3."

34.     In response to Paragraph "9.4," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.4."

35.     Paragraph "9.5" contains conclusions of law purporting to be allegations of fact. Accordingly, no response is required; however, to the extent a response is required, UPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "9.5."

36.     Paragraph "10.0" contains conclusions of law purporting to be allegations of fact. Accordingly, no response is required; however, to the extent a response is required, UPS is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein, and on that basis UPS denies each and every allegation contained in Paragraph "10.0."

    37.    Paragraph "11.0" contains conclusions of law purporting to be allegations of fact.

Accordingly, no response is required; however, to the extent a response is required, UPS admits

that portions of Paragraph "11.0" accurately quote from subsections of the United States Code.

UPS otherwise denies the allegations in Paragraph "11.0."

    38.    Paragraph "11.1", contains conclusions of law purporting to be allegations of fact.

Accordingly, no response is required; however, to the extent a response is required, UPS denies

the allegations in Paragraph "11.1."

    39.    In response to Paragraph "11.2," UPS is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS

denies each and every allegation contained in Paragraph "11.2."

    40.    Paragraph "11.3" contains conclusions of law purporting to be allegations of fact.

Accordingly, no response is required; however, to the extent a response is required, UPS denies

the allegations in Paragraph "11.3."

    41.    In response to Paragraph "12," UPS admits that it provides transportation services

to its customers pursuant to a written contract.  UPS otherwise denies the allegations in Paragraph

"12."

    42.    In response to Paragraph "13," UPS denies the allegations concerning UPS.  UPS

otherwise is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained therein, and on that basis UPS denies each and every remaining

allegation contained in Paragraph "13."

43.     UPS denies the allegations in Paragraph "14."

44.     In response to Paragraph "15," UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS denies each and every allegation contained in Paragraph "15."

45.     UPS denies the allegations in Paragraph "17."

PRAYER FOR RELIEF

46.     In response to Plaintiffs' Prayer for Relief, UPS denies that Plaintiffs are entitled to the requested relief and demands strict proof thereof.

**AFFIRMATIVE AND OTHER DEFENSES**

Without admitting any of the allegations of the Complaint, and without admitting or acknowledging that UPS bears any burden, of proof or otherwise, as to any of them, UPS asserts the following affirmative and other defenses to Plaintiffs' Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(Arbitration Obligation)**

To the extent subject to the individual binding arbitration provision contained in the UPS Tariff/Terms and Conditions of Service, Plaintiffs are obligated to resolve all of their claims through individual binding arbitration.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to State A Claim)**

Each of Plaintiffs' claims for relief fails to state ultimate facts sufficient to establish a claim for relief against UPS, and Plaintiffs' allegations do not allow for the recovery of punitive/exemplary damages.

**THIRD AFFIRMATIVE DEFENSE**
**(Federal Preemption)**

Plaintiffs' state law claims are preempted by, inter alia, the provisions of the Federal

Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501(c)(1) & 41713(b)(4)(A), and other relevant statutes contained in Title 49 of the United States Code, because Plaintiffs' claims relate to UPS's prices, routes, and services.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Causation)

Plaintiffs' claims are barred, in whole or in part, because to the extent Plaintiffs have suffered the injury or damages alleged, such injury or damages were not caused by the acts or omissions of UPS, including without any limitation whatsoever because Plaintiffs' injuries or damages alleged were the result of a new and independent (or superseding) cause or were caused solely by the acts or omissions of a third party for whom UPS is not liable.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Insufficient Process & Insufficient Service of Process)

The Complaint, and its purported claims for relief, are barred because service of process was insufficient insofar as Plaintiffs have not properly served UPS with the summons and Petition.

## EIGHTH AFFIRMATIVE DEFENSE
### (Personal Jurisdiction)

This Court lacks personal jurisdiction to the extent Plaintiff failed to properly serve UPS with the summons and Petition.  UPS reserves all rights and preserves all arguments and does not through this appearance waive any arguments concerning lack of personal jurisdiction.

### NINTH AFFIRMATIVE DEFENSE
### (Other Affirmative Defenses)

UPS has not completed its investigation and discovery into the allegations of the Complaint. Therefore, UPS cannot fully anticipate all affirmative defenses that may be applicable to this action at this time and hereby reserves its right to add additional affirmative defenses if and to the extent such affirmative defenses are applicable to this action.

WHEREFORE, PREMISES CONSIDERED, UPS prays that Plaintiffs take nothing by reason of their suit.

Dated: July 9, 2024                              Respectfully Submitted,


                                                 /s/ Lauren A. Valkenaar
                                                 Lauren A. Valkenaar
                                                 Texas State Bar No. 24088570
                                                 lvalkenaar@valkenaarlaw.com
                                                 Dylan R. Fedderman
                                                 Texas State Bar No. 24105851
                                                 dfedderman@valkenaarlaw.com
                                                 VALKENAAR PLLC
                                                 7898 Broadway, Suite 120
                                                 San Antonio, Texas 78209
                                                 Telephone: (210) 239-0321
                                                 Facsimile: (210) 634-2566

                                                 Caitlin Sinclaire Blythe
                                                 CA State Bar No. 265024
                                                 cblythe@mofo.com
                                                 MORRISON & FOERSTER LLP
                                                 425 Market St.
                                                 San Francisco, California 94105
                                                 Telephone: (415) 268-6463
                                                 Facsimile: (415) 268-7522
                                                 *To be Admitted Pro Hac Vice*


                                                 *Attorneys for Defendant*
                                                 *United Parcel Service, Inc.*

## CERTIFICATE OF SERVICE

On July 9, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court.

I hereby certify that that the foregoing has been served upon all parties of record in compliance with the Federal Rules of Civil Procedure on July 9, 2014:

 **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Valkenaar PLLC, 7898 Broadway, Suite 120, San Antonio, Texas 78209 in accordance with Valkenaar PLLC's ordinary business practices.

Mark A. Di Carlo
722 Elizabeth Street
Corpus Christi, TX 78404
markdicarlos722@gmail.com

*Attorney for Plaintiffs*

FedEx Corporation
c/o C T Corporation System
1999 Bryant St., Ste. 900
Dallas, TX 75201

*Defendant*

_/s/ Lauren A. Valkenaar_
Lauren A. Valkenaar